PROB 12
(Rev. 10/93)

# United States District Court

for the

### Eastern District of Pennsylvania

**September 18, 2009**

RECEIVED
SEP 24 2009
U.S. Probation Office
Eastern District of PA

U.S.A. vs. Pamfilo Dacua            Case No. 2:04CR00774-01

## VIOLATION OF SUPERVISED RELEASE

  COMES NOW Kenneth M. Bergmann U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Pamfilo Dacua who was placed on supervised release by the Honorable Berle M. Schiller sitting in the Court at Philadelphia, PA, on the 4th day of May, 2005 who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

**ORIGINAL OFFENSE:**  False statements (Counts One, Two, and Three).

**ORIGINAL SENTENCE:**  The defendant was committed to the custody of the United States Bureau of Prison for a term of 22 months on each count to be severed consecutively to the defendant's imprisonment under any previous state or federal sentence. Upon release from custody, the defendant shall be placed on supervised release for a term of three years. A $300 special assessment was imposed and due immediately.

**SPECIAL CONDITIONS:**  1) The defendant shall participate in a drug and alcohol aftercare treatment program which may include urine testing at the direction and discretion of the probation officer; 2) The defendant shall provide the probation officer with access to any requested financial information; 3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer; and 4) The defendant shall provide the U.S. Probation Office with access to any requested personal, and/or business financial information. The probation office is authorized to release pre-sentence and post sentence financial information submitted by the defendant to the United States Attorney for the use in collection of any unpaid fine or restitution. If restitution or a fine is ordered, the defendant shall notify the U.S. Probation Office of assets received and shall not disburse his interest in any assets, including but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office; and 5) The defendant shall pay a $1,000 fine at a rate of $100 per month.

**MODIFICATION OF CONDITIONS:**  On June 29, 2009, the defendant's conditions of release were modified to include a mental health aftercare condition.

DATE SUPERVISION
COMMENCED:                    October 21, 2007

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of his supervision under such circumstances as may warrant revocation. These conditions are:

A. Standard Condition: While on supervised release you shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

On May 21, 2009, Mr. Dacua was arrested by the Philadelphia Police Department and charged with intentional possession of a controlled substance by person not registered, possession of marijuana, and drinking restricted.

According to the arrest report, police observed the defendant inside Clark Park, Philadelphia, PA, drinking a 16-ounce bottle of beer. He was placed under arrest for a summary citation. The police searched the defendant and recovered a small yellow envelope containing five grams of marijuana.

On May 29, 2009, during an office visit, Mr. Dacua admitted to being in possession of the marijuana as noted above.

On September 9, 2009, Mr. Dacua was scheduled to appear in state Court on the aforementioned matter, however, he failed to appear and a bench warrant has been issued for his arrest.

**GRADE OF VIOLATION**                                              C

B. Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

On June 2, 2009, and July 16, 2009, Mr. Dacua submitted urine specimens at the United States Probation Office that tested positive for the presence of marijuana.

**GRADE OF VIOLATION**                                              C

C. Standard Condition #11: The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

As noted above, on May 21, 2009, Mr. Dacua was arrested by the Philadelphia Police Department. The defendant failed to notify the probation officer of that arrest withing 72 hours as required by the conditions of release.

**GRADE OF VIOLATION**                                              C

2

RE: Dacua, Pamfilo
Case No. 2:04CR00774-01

RE: Dacua, Pamfilo
Case No. 2:04CR00774-01

D.     <u>Standard Condition #1:</u> The defendant shall not leave the judicial district without the permission of the Court or probation officer.

During an office visit on August 6, 2009, Mr. Dacua admitted that he traveled to Atlantic City New Jersey on July 18, 2009. Mr. Dacua did not have permission of the Court or probation officer to travel to Atlantic City, New Jersey on the aforementioned date.

### GRADE OF VIOLATION     <u>C</u>

E.     <u>Standard Condition #2:</u> The defendant shall report to the probation officer as directed by the Court or probation officer; and shall submit a truthful and complete written report within the first five (5) days of each month.

Mr. Dacua has failed to report to the U.S. Probation Office on the following dates:

| Appointment Date | How Scheduled |
| --- | --- |
| April 8, 2009 | During a home visit on April 6, 2009 |
| August 26, 2009 | During a telephone conversation with the defendant on August 25, 2009. |
| September 9, 2009 | Certified letter mailed to the defendant on September 3, 2009. |
| September 15, 2009 | Certified letter mailed to the defendant on September 11, 2009. |

In addition, on May 29, 2009, Mr. Dacua was enrolled in this office's Random Urine Testing Program which requires him to call in daily to the U.S. Probation Office, listen to a recorded message, and report for drug testing within a specified time frame when his assigned color is announced.

Mr. Dacua failed to report for random urine testing as required on June 10, 2009, June 25, 2009, and July 8, 2009.

Recent efforts to contact Mr. Dacua in the community have proven unsuccessful. Mr. Dacua's current whereabouts are unknown

### GRADE OF VIOLATION     <u>C</u>

3

RE: Dacua, Pamfilo
Case No. 2:04CR00774-01

    F.    <u>Special Condition #4</u>: The defendant shall provide the U.S. Probation Office with access to any requested personal, and/or business financial information. The probation office is authorized to release pre-sentence and post sentence financial information submitted by the defendant to the United States Attorney for the use in collection of unpaid fine or restitution. If restitution or a fine is ordered, the defendant shall notify the U.S. Probation Office of assets received and shall not disburse his interest in any assets, including but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

During an office visit on August 6, 2009, Mr. Dacua admitted that from November 2008 to July 2009, he borrowed approximately $14,000 from his former girlfriend.

The defendant disbursed his interest in these assets without the approval of the probation officer.

**GRADE OF VIOLATION**    <u>C</u>

PRAYING THAT THE COURT WILL ORDER...    **THE ISSUANCE OF A WARRANT DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Marvin E. Green
Supervising U.S. Probation Officer
Place <u>Philadelphia, PA</u>
Date <u>September 18, 2009</u>

KMB
cc:    Assistant U.S. Attorney
       Defense Attorney
       U.S. Marshal's - Warrant Squad

ORDER OF THE COURT
Considered and ordered this 22
day of Sept, 2009 and ordered filed and made part of the records in the above case.

U. S. District Court Judge

2cc: Probation
Warrant Issued

4