PROB 12
(Rev 10/93)

# United States District Court

for the

**Eastern District of Pennsylvania**

October 21, 2009

U.S.A. vs. Pamfilo Dacua                    Case No. 2:04CR00774-01

## AMENDED VIOLATION OF SUPERVISED RELEASE

COMES NOW <u>Kenneth M. Bergmann</u> U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of <u>Pamfilo Dacua</u> who was placed on <u>supervised release</u> by the Honorable <u>Berle M. Schiller</u> sitting in the Court at <u>Philadelphia PA,</u> on the <u>4th</u> day of <u>May, 2005</u> who fixed the period of supervision at <u>three years,</u> and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

**ORIGINAL OFFENSE:** False statements (Counts One, Two, and Three).

**ORIGINAL SENTENCE:** The defendant was committed to the custody of the United States Bureau of Prison for a term of 22 months on each count to be severed consecutively to the defendant's imprisonment under any previous state or federal sentence. Upon release from custody, the defendant shall be placed on supervised release for a term of three years. A $300 special assessment was imposed and due immediately.

**SPECIAL CONDITIONS:** 1) The defendant shall participate in a drug and alcohol aftercare treatment program which may include urine testing at the direction and discretion of the probation officer; 2) The defendant shall provide the probation officer with access to any requested financial information; 3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer; 4) The defendant shall provide the U.S. Probation Office with access to any requested personal, and/or business financial information. The probation office is authorized to release pre-sentence and post sentence financial information submitted by the defendant to the United States Attorney for the use in collection of unpaid fine or restitution. If restitution or a fine is ordered, the defendant shall notify the U.S. Probation Office of assets received and shall not disburse his interest in any assets, including but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office; and 5) The defendant shall pay a $1,000 fine at a rate of $100 per month.

RE: Dacua, Pamfilo
Case No. 2:04CR00774-01

**MODIFICATION OF CONDITIONS:** On June 29, 2009, the defendant's conditions of release were modified to include a mental health aftercare condition.

**DATE SUPERVISION COMMENCED:** October 21, 2007

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of his supervision under such circumstances as may warrant revocation. These conditions are:

G. <u>General Condition:</u> While on supervised release you shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

On September 30, 2009, Mr. Dacua was arrested by the Philadelphia Police Department and charged with terroristic threats, stalking and harassment.

According to the affidavit of probable cause, on September 25, 2009, the complainant received an e-mail from the defendant who is her ex-boyfriend. This e-mail contained threats against the complainant's life and the life of several of the complainant's friends. Specifically the defendant stated in his e-mail that "I have nothing else to loose" and "..one way or another this is going to end with us having one last face to face conversation...one way or another someone is going to die." The defendant further stated "Are you prepared to exist with the deaths of your friends or family knowing you are the catalyst of their demise? I am."

The defendant also indicated in his e-mail that he had seen the complainant on several occasions and he preceded to describe the clothing that she was wearing on those occasions. In the e-mail the offender also told the complainant "Please do not be buoyed by a false sense of security, bravado or faith in law enforcement- if I was the least bit concerned about them, would I send this email?"

**GRADE OF VIOLATION**  **A**

H. <u>General Condition:</u> While on supervised release you shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

On September 30, 2009, Mr. Dacua was arrested by the Philadelphia Police Department and charged with endangering the welfare of a child, corruption of a minor, and recklessly endangering another person.

According to the police report, on September 30, 2009, University Of Pennsylvania Police officers went to Mr. Dacua's residence to serve a warrant. There was no response

2

at the residence. As the officers were leaving, they noticed the defendant and a child (later identified as the defendant's eight-year-old son) walking down the street. The officers approached the defendant and identified themselves. At this point the defendant and his son took off running. Despite officers calling for Mr. Dacua to freeze, he continued to run with his son. A short time later the child was found alone. The child was then taken to police headquarters to be returned to his mother.

While at police headquarters and in the presence of his mother, the child told police that he had seen his father with a gun that day. The child further explained that earlier in the day he saw the gun on the right side of his father's waistband. The child also told police that his father let him hold the gun and that the gun was heavy, but not loaded.

It should be noted that the Philadelphia Police obtained a search warrant for a 1993 Grand Jeep Grand Cherokee in order to look for the above noted gun, no gun was recovered.

### GRADE OF VIOLATION                                                                 **A**

I. <u>General Condition:</u> While on supervised release you shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

On October 13, 2009, an additional complaint was filed by the Philadelphia Police Department charging the defendant with terroristic threats, stalking and harassment. According to the affidavit of probable cause, on September 26, 2009, Mr. Dacua sent the complainant an e-mail stating the following " So it's on now. You keep underestimating me. All I wanted was to talk to you...now once again I have to act the fool to prove a point. Your call not mine. So be it. Just remember YOU caused ALL THIS!!!!!!!!!"

### GRADE OF VIOLATION                                                                 **A**

RE: Dacua, Pamfilo
Case No. 2:04CR00774-01

PRAYING THAT THE COURT WILL ORDER... **THAT THIS PETITION BE MADE AN ADDENDUM TO THE VIOLATION PETITION SIGNED BY THE COURT ON SEPTEMBER 22, 2009.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Marvin E. Green
Supervising U.S. Probation Officer

Place Philadelphia, PA
Date October 21, 2009

KMB

cc: Assistant U.S. Attorney
    Defense Attorney

ORDER OF THE COURT
Considered and ordered this 23 day of Oct, 2009 and ordered filed and made part of the records in the above case.

U. S. District Court Judge

4